IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VENDOR CREDENTIALING SERVICE LLC, d/b/a SYMPLR, n/k/a SYMPLR SOFTWARE LLC,<br><br>Plaintiff,<br><br>v.<br><br>EPISODE SOLUTIONS, LLC,<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT** |

Plaintiff Vendor Credentialing Service LLC, d/b/a symplr, n/k/a symplr Software LLC ("symplr") brings this Complaint against Episode Solutions, LLC ("Episode"), and alleges, upon personal knowledge and upon information and belief, as follows:

## NATURE OF THE ACTION

1. This is a breach of contract action arising from Episode's failure to pay amounts owed to symplr for symplr's credentialing and enrollment services both previously provided and invoiced and for the remainder of a contractual three-year term.

2. Through this action, symplr seeks compensatory relief and its reasonable attorney fees and costs, as set forth below.

## PARTIES

3. symplr is a Texas limited liability company that provides cloud-based software solutions for healthcare operations. symplr is a citizen of Texas whose principal place of business is 315 Capitol Street, Suite 100, Houston, Texas 77002.

4. Episode is a Tennessee limited liability company that provides technology-based care coordination solutions for specialty care patient populations. Episode is a citizen of Tennessee with its principal place of business located at 102 Woodmont Boulevard, Suite 350, Nashville, Tennessee 37205.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this case under 28 U.S.C. § 1332(a) because symplr and Episode are citizens of different states and the amount in controversy exceeds the sum of $75,000.

6. Venue is proper in the Middle District of Tennessee because a substantial part of the events or omissions giving rise to symplr's claims occurred in the District. Additionally, Episode's principal place of business, located at 102 Woodmont Boulevard, Suite 350, Nashville, Tennessee 37205, is in the District.

**FACTUAL ALLEGATIONS**

**A. Episode and symplr Execute the Master Services Agreement.**

7. On May 11, 2022, Episode and symplr executed a Master Services Agreement (the "Agreement"). **Exhibit 1**. Under the Agreement, symplr agreed to provide medical credentialing verification services and payor enrollment services to Episode, and Episode agreed to pay for such services.

8. Medical credentialing refers to the process of verifying and evaluating the qualifications, training, experience, and professional history of healthcare providers, including physicians, nurses, and other health professionals. The process allows practitioners to meet the standards and requirements set by regulatory bodies, healthcare organizations, and insurance companies to deliver safe and quality care to patients.

9. Payor enrollment services involves the administrative processes and procedures for healthcare providers to enroll with various payors, such as insurance companies or government healthcare programs. These services allow healthcare providers to receive reimbursement for services rendered to patients covered by the respective payors.

10. ██████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████

**B.     Episode Fails to Provide Complete and Accurate Provider Information As Required by the Agreement.**

11. As set forth in Exhibit A to the Agreement, Episode anticipated that it would need to onboard and enroll a minimum of 400 providers per year in at least seven different insurance plans across 27 states.

12. To initiate medical credentialing services or payor enrollment services for a particular provider, Episode was required to provide symplr with a written request for service and a completed intake application that includes all information necessary to enroll a specific provider. The Agreement makes clear that symplr will only initiate onboarding of a provider upon receipt of a completed intake packet from Episode. The Agreement specifically defines what information and documentation must be included in each packet.

13. In Exhibit B to the Agreement, Episode expressly acknowledged and agreed that the "failure to provide a Completed Application or Completed Intake Application may impede the ability of symplr to meet deadlines." symplr indicated throughout the Agreement that it would be unable to initiate enrollment services without completed applications.

3

Case 3:25-cv-00091     Document 3     Filed 01/23/25     Page 3 of 8 PageID #: 86

14. In addition to the requirement to submit completed applications and packets in a timely manner, Episode also agreed to furnish accurate provider information to symplr. Specifically, Episode agreed to "provide complete, accurate, and current Provider Information to symplr within the time frames specified by symplr."

15. Episode repeatedly failed to provide symplr with full and accurate provider information and applications in a timely manner. In February 2023, Episode provided a list of 277 active providers to symplr. Based on that list, symplr immediately began working on enrollment services for those providers. But two months later, Episode provided a new list showing 681 active providers, which was inconsistent with the earlier list, resulting in symplr spending unnecessary time and effort based on inaccurate information provided by Episode.

16. In addition to providing inaccurate provider lists, Episode also gave symplr incomplete provider information. Many of the provider addresses that Episode provided were inaccurate or missing information. When symplr asked Episode to specify the correct provider address, Episode struggled to find the correct information and often became confused about which locations should be enrolled for active providers. This inaccurate information prevented symplr from initiating the enrollment process for many providers.

17. In situations where symplr had enough information to initiate the payor enrollment process, Episode routinely failed to provide updated information for specific providers. On many occasions, symplr would begin the enrollment process only to find out later that the provider's address or other information had changed, further delaying the enrollment process.

18. When symplr received inaccurate or incomplete information, symplr immediately informed Episode of the issue and requested the correct information. symplr also provided Episode with a weekly report of information that was needed. Due to its persistence and repeated

4

requests, symplr was ultimately able to complete approximately 1,200 enrollments with various payors for Episode for 2022 and 2023.

**C.    Episode Fails to Pay Invoices for Work Performed by symplr.**

19.    Section 3.1 of the Agreement requires Episode to pay symplr the fees and rates set forth in the Agreement, which are provided to Episode in monthly invoices. Episode agreed that it would pay symplr within 30 days after receipt of an invoice unless Episode reasonably disputed the invoiced amount. Episode further agreed that "[i]nterest shall accrue on all payments received after the due date at the rate of 1.5% per month."

20.    ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

21.    If Episode fails to make payment within 15 days after receiving a notice of non-payment from symplr, symplr may suspend Episode's access to credentialing and enrollment services. symplr's suspension of services does not relieve Episode of its obligation to pay past due invoices plus interest or any of Episode's other obligations under the Agreement.

22.    ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Per the payment terms of the Agreement, each invoice specified that payment was due no later than 30 days after the date of receipt of the invoice.

5

23. Episode failed to pay any of symplr's invoices between August 2022 and September 2023, which total $403,349.97 in outstanding fees owed to symplr. The specific invoices that Episode failed to pay are listed below.

| Customer:Project | Transaction Type | Date | Document Number | Due Date | Open Balance |
|---|---|---|---|---|---|
| **14245 Episode Solutions LLC (PES)** | | | | | |
| | Invoice | 8/30/2022 | INV1647976 | 9/29/2022 | |
| | Invoice | 9/30/2022 | INV1650344 | 10/30/2022 | |
| | Invoice | 10/30/2022 | INV1653422 | 11/29/2022 | |
| | Invoice | 11/30/2022 | INV1656088 | 12/30/2022 | |
| | Invoice | 12/30/2022 | INV1659066 | 1/29/2023 | |
| | Invoice | 1/30/2023 | INV1661987 | 3/1/2023 | |
| | Invoice | 1/31/2023 | INV1661988 | 3/2/2023 | |
| | Invoice | 2/28/2023 | INV1664227 | 3/30/2023 | |
| | Invoice | 2/28/2023 | INV1664228 | 3/30/2023 | |
| | Invoice | 3/30/2023 | INV1666866 | 4/29/2023 | |
| | Invoice | 3/31/2023 | INV1666872 | 4/30/2023 | |
| | Invoice | 3/31/2023 | INV1666884 | 4/30/2023 | |
| | Invoice | 4/30/2023 | INV1669332 | 5/30/2023 | |
| | Invoice | 4/30/2023 | INV1669368 | 5/30/2023 | |
| | Invoice | 4/30/2023 | INV1669370 | 5/30/2023 | |
| | Invoice | 5/30/2023 | INV1671938 | 6/29/2023 | |
| | Invoice | 5/31/2023 | INV1671939 | 6/30/2023 | |
| | Invoice | 6/30/2023 | INV1674467 | 7/30/2023 | |
| | Invoice | 6/30/2023 | INV1674472 | 7/30/2023 | |
| | Invoice | 6/30/2023 | INV1674547 | 7/30/2023 | |
| | Invoice | 7/30/2023 | INV1677258 | 8/29/2023 | |
| | Invoice | 7/31/2023 | INV1677256 | 8/30/2023 | |
| | Invoice | 7/31/2023 | INV1677257 | 8/30/2023 | |
| | Invoice | 8/2/2023 | INV1679621 | 9/1/2023 | |
| | Invoice | 8/31/2023 | INV1679620 | 9/30/2023 | |
| **Total - 14245 Episode Solutions LLC (PES)** | | | | | **$403,349.97** |
| **Total** | | | | | **$403,349.97** |

24. symplr repeatedly requested payment from Episode for the above invoices. During 2022 and 2023, symplr sent numerous emails asking for the status of Episode's payments. In response to Episode's requests for additional information about symplr's fees, symplr also provided Episode with detailed statements for all outstanding invoices, as well as full billing audits for Episode to review. Despite receiving this detailed information, Episode failed to pay any of the outstanding invoices.

25. Due to Episode's failure to pay symplr's invoices, symplr ultimately suspended Episode's account and suspended providing credentialing and enrollment services in accordance with Section 3.4 of the Agreement.

26. On September 28, 2023, symplr sent Episode a Demand for Payment ("Demand") with a list of unpaid invoices. **Exhibit 2**. In the Demand, symplr explained that if Episode did not make payment on the unpaid invoices within 15 days, symplr may (i) declare the unpaid balances for the invoices, including applicable interest, immediately due; (ii) pursue any other remedies available by law; and (iii) collect all reasonable costs incurred (including reasonable attorney fees) in collecting the unpaid balances for the unpaid invoices and late payment charges.

27. Episode failed to respond to the Demand and continued to withhold payments owed to symplr. On November 2, 2023, symplr sent Episode a Notice of Breach letter indicating to Episode that its failure to pay symplr's outstanding invoices amounts to a breach of Episode's payment obligations under the Agreement.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT

28. symplr restates and incorporates by reference each allegation set forth at Paragraphs 1 through 27, above, as if fully set forth herein.

29. symplr and Episode entered into a valid, binding, and enforceable Agreement.

30. symplr substantially performed its obligations under the Agreement.

31. Episode materially breached the Agreement as set forth above, including by failing to pay invoices and interest as required by the Agreement and by failing to pay for symplr's credentialing and enrollment services for the Agreement's initial three-year term.

32. symplr has suffered damages of at least $1,400,000 as a result of Episode's material breaches.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A. Enter judgment in symplr's favor and against Episode for any and all damages resulting from Episode's breaches of the Agreement, plus all applicable pre- and post-judgment interest and costs;

B. Enter an award for reasonable attorney fees and costs to symplr under Section 8.13 of the Agreement; and

C. Enter an award for such other and further relief as the Court may deem just and appropriate.

Dated: January 23, 2025

Respectfully submitted,

HOGAN LOVELLS US LLP

*/s/ Allison M. Ryan*
Allison M. Ryan (BPR 028584)
Columbia Square
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Tel: (202) 637-5600
Fax: (202) 637-5910
allison.holt-ryan@hoganlovells.com

Jeffrey S. George
David A. Willner
Two North Cascade Avenue
Suite 1300
Colorado Springs, CO 80903
Tel: (719) 448-5900
Fax: (719) 448-5922
jeffrey.george@hoganlovells.com
david.willner@hoganlovells.com

*Counsel for Plaintiff symplr*